KRUEGER, et. v. FRAZIER.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2049. Decided June 11, 1928

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL**

(590 E3i) Admission in evidence of account book held error where evidence showed that entries were of cash items in large amounts, some of which entries were not made contemporaneously with transactions.

(590 B) No degree of preponderance. Charge that burden was on defendants to show by fair preponderance of evidence, held erroneous.

Error to Common Pleas.
Judgment reversed.

Charles W. Davis, Toledo, for Krueger, et. O. S. Brumback, Toledo, for Frazier.

STATEMENT OF FACTS.

The original action was brought by Mabel B. Frazier against the executors of Dr. Charles H. Mills, deceased, to recover upon a claimed account due to her from the estate. The trial resulted in a verdict in her favor in the amount of $1098.00, from which a remittitur was made and judgment rendered for $909.38. The case was tried upon the second amended petition and a supplement thereto and an answer.

By the averments of the second amended petition it appears that the decedent was a physician and the plaintiff a practical nurse rendering services for some of his patients, and that he volunteered to aid her in receiving and caring for the money which she earned in that occupation. The items in the account are averred to be for money collected by Dr. Mills from persons nursed by plaintiff and for money received by plaintiff from patients and delivered to Dr. Mills by her for safekeeping and also for services rendered for him by her and for chickens sold and delivered.

On the trial of the case the plaintiff produced a small memorandum book containing, among many other things, some items relating to her transactions with Dr. Mills. She testified that this book was a book of original entries, that the entries were made by herself in the usual course of business and at the times of the transactions recorded, and thereupon the book was introduced in evidence over the exceptions of the defendants.

The plaintiff's second amended petition is based upon a claimed book account and most of the evidence relates to the existence and accuracy of that account. The first item is dated January 16, 1917, and the last item, October 16, 1922. During that period of nearly six years there are ten charges in all, one of which is a small item for chickens sold and two are for small items covering three days' services.

RICHARDS, J.

The ordinary and usual matters for entry in an account book are goods sold and delivered and services rendered, and these three items properly come under that description. The remaining seven items, amount to $1125.00, one item being for $30.00, two for $60.00 each, two for $150.00 each, one for $28.50 and one for $390.00. Four of these items are for amounts averred to have been collected by Dr. Mills from patients in payment of services rendered by the plaintiff in nursing and three of the items are averred to have been for amounts collected by plaintiff from patients and "turned over" to Dr. Mills. Only one item is charged in the book during the year 1918 and that is for $390.00 collected by Dr. Mills for services rendered by the plaintiff in nursing, and the book contains no item in either of the years 1919 or 1920. While the plaintiff testifies that she made the various entries at the times of the respective transactions, it is apparent that this could not be true as to some of them, and as to most of those items the entries are manifestly the record of past transactions and not made contemporaneously with the transactions. The entries for four items collected by Dr. Mills from patients and for three items collected by the plaintiff and delivered to Dr. Mills for safekeeping, varying in amount from $30.00 to $390.00 and extending over a period of nearly six years, were not made under such circumstances as to render the book admissible in evidence and do not appear to have been in the usual course of business and those items were not the proper subject of a book account.

It has frequently been held that cash items, especially large amounts, unless perhaps in the banking business or something of that sort, are not the subject matter of an account. Kennedy vs. Dodge, Admr., 19 O. C. C., 425. This is in line with the decision of this court in Worland vs. McGill, 32 Court of Appeals Opinions, Sixth District unreported, p. 401, in which it was held that items of cash lost in gambling were not the proper subjects of a book account. The trial court erred in admitting the book in evidence to prove the items of cash.

At the request of counsel for plaintiff the trial judge instructed the jury before argument as follows:

"The jury is instructed that if you find any of Mrs. Frazier's money was turned over to Dr. Mills for safekeeping, as claimed by her, then the burden of proof is cast upon the defendants to show by a fair preponderance of the evidence that the money so received by Dr. Mills was repaid or accounted for by him."

This was manifestly an incorrect statement of the law. There are no degrees of preponderance and a mere preponderance of the evidence is sufficient. This instruction cast an undue burden on the defendants, particularly in view of the fact that they were executors of a decedent and were deprived of the benefit of his testimony. Travelers Insurance Co. vs. Rosch, 3 C. C., N. S., 156; Cincinnati Traction Co. vs. Ruthmen, 15 C. C., N. S., 191, 192. Furthermore, the answer does not plead payment.

It is urged that although the trial court may have erred in admitting the account book in evidence, yet the judgment should not be reversed because other evidence was offered tending to sustain a recovery. The record does disclose some other evidence relating to some of the items on which the action is based, but it is manifest from the entire record that the verdict which was rendered could not have been rendered except for the evidence furnished by the so-called book account.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

(Williams and Llloyd, JJ., concur.)